1    KEKER, VAN NEST & PETERS LLP
     BENJAMIN BERKOWITZ - # 244441
2    bberkowitz@keker.com
     THOMAS E. GORMAN - # 279409
3    tgorman@keker.com
     IAN KANIG - # 295623
4    ikanig@keker.com
     CHRISTINA LEE - # 314339
5    clee@keker.com
     633 Battery Street
6    San Francisco, CA 94111-1809
     Telephone:    415 391 5400
7    Facsimile:    415 397 7188

8    Attorneys for Defendant
     GOOGLE LLC

9                         UNITED STATES DISTRICT COURT

10                      NORTHERN DISTRICT OF CALIFORNIA

11

12   ROBERT McCOY, individually and on behalf      Case No. 5:20-cv-05427-SVK
     of all others similarly situated,
                                                    **DEFENDANT GOOGLE LLC'S NOTICE
13              Plaintiff,                          OF MOTION AND MOTION TO
                                                    DISMISS PLAINTIFF'S AMENDED
14         v.                                       CLASS ACTION COMPLAINT**

15   ALPHABET INC., et al.,                         Judge:     Hon. Susan van Keulen

16              Defendants.                         Hearing:   May 4, 2021
                                                    Time:      10:00 a.m.
17                                                  Place:     Courtroom 6 – 4th Floor
                                                               280 South 1st Street
18                                                             San Jose, CA 95113

19                                                  Date Filed: August 5, 2020

20

21

22

23

24

25

26

27

28

1

2

## TABLE OF CONTENTS

**Page**

3    MEMORANDUM OF POINTS AND AUTHORITIES ................................................................2

4    I.      INTRODUCTION ...............................................................................................................2

5    II.     BACKGROUND ................................................................................................................3

6           A.     Relevant Procedural History ...............................................................................3

7           B.     Relevant Factual Background ..............................................................................4

8    III.    ISSUES TO BE DECIDED ...............................................................................................5

9    IV.     LEGAL STANDARD.........................................................................................................6

10          A.     Rule 12(b)(6)........................................................................................................6

11          B.     Rule 9(b) ..............................................................................................................6

12   V.      ARGUMENT......................................................................................................................6

13          A.     McCoy's reprisal of his previously dismissed privacy claims warrants
                   dismissal with prejudice.......................................................................................6
14
            B.     McCoy fails to state any element of a CLRA claim under Rule 9(b)'s
15                 heightened pleading standard................................................................................8

16                 1.     McCoy fails to plead details of the "transaction" with particularity
                          under Rule 9(b)'s heightened pleading standard. ......................................9
17
                   2.     McCoy fails to plead an actionable misrepresentation or
18                        advertisement by Google that he relied upon at the time of the
                          transaction. ..............................................................................................10
19
                   3.     McCoy fails to allege a statutory causal connection between any
20                        alleged misrepresentation and sales transaction. .....................................11

21   VI.     CONCLUSION................................................................................................................12

22

23

24

25

26

27

28

1656942

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).................................................................................................................6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).................................................................................................................6

*Carrico v. City & Cnty. of San Francisco*,
   656 F.3d 1002 (9th Cir. 2011) ................................................................................................6

*Durkee v. Ford Motor Co.*,
   No. 14–0617, 2014 WL 4352184 (N.D. Cal. Sept. 2, 2014) ..................................................11

*In re Google, Inc. Privacy Policy Litig.*,
   58 F. Supp. 3d 968 (N.D. Cal. 2014) .....................................................................................11

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ....................................................................................... *passim*

*Lacey v. Maricopa Cty.*,
   693 F.3d 896 (9th Cir. 2012) ...................................................................................................7

*Leadsinger, Inc. v. BMG Music Pub.*,
   512 F.3d 522 (9th Cir. 2008) ...................................................................................................6

*Marolda v. Symantec Corp.*,
   672 F. Supp. 2d 992 (N.D. Cal. 2009) ...................................................................................11

*McGlinchy v. Shell Chem. Co.*,
   845 F.2d 802 (9th Cir. 1988) ...................................................................................................7

*Moore v. Apple, Inc.*,
   73 F. Supp. 3d 1191 (N.D. Cal. 2014) ................................................................................8, 12

*Moore v. Kayport Package Exp., Inc.*,
   885 F.2d 531 (9th Cir. 1989) ...................................................................................................7

*Semegen v. Weidner*,
   780 F.2d 727 (9th Cir. 1985) ................................................................................................6, 9

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ...............................................................................................9, 10

*Vess v. Ciba-Geigy Corp. Sec. Litig.*,
   317 F.3d 1097 (9th Cir. 2003) .................................................................................................6

1

2

*In re Violin Memory*, *Inc. Sec. Litig.*,
No. 13-CV-05486-YGR, Dkt. 90 (N.D. Cal. Nov. 21, 2014)......................................................7

3

*In re Violin Memory, Inc. Sec. Litig.*,
No. 13-CV-05486-YGR, 2015 WL 1968766 (N.D. Cal. Apr. 30, 2015) ..................................7

4

5

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*,
No. 3:17-CV-4372-CRB, 2019 WL 5698339 (N.D. Cal. Nov. 4, 2019)..................................10

6

**State Cases**

7

*Daugherty v. Am. Honda Motor Co.*,
144 Cal. App. 4th 824 (2006) ..................................................................................................11

8

9

**State Statutes**

10

Cal. Civ. Code § 1709.......................................................................................................................3, 4

11

Cal. Civ. Code § 1770(a) ....................................................................................... *passim*

12

Cal. Civ. Code § 1780(a) ............................................................................................8, 11, 12

13

Cal. Civ. Code § 1780(d) ........................................................................................................8

14

**Rules**

15

Fed. R. Civ. P. 9(b) ..................................................................................................... *passim*

16

Fed. R. Civ. P. 12(b)(6)....................................................................................................5, 6

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT
Case No. 5:20-cv-05427-SVK

1656942

1   TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE that on May 4, 2021, at 10:00 a.m., in Courtroom 6 of the

3   above-captioned Court, located at 280 South 1st Street, 4th Floor, San Jose, California 95113,

4   defendant Google LLC ("Google") will, and hereby does, move for an order dismissing the

5   following claims from Plaintiff Robert McCoy's ("McCoy") Amended Class Action Complaint

6   with prejudice:

7         • Claim 1 for common-law intrusion upon seclusion;

8         • Claim 2 for invasion of privacy under the California Constitution;

9         • Claim 5 for violation of the California Consumers Legal Remedies Act; and

10        • Claim 8 for violation of the California Invasion of Privacy Act.

11        Google brings this motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure on

12  the grounds that the Amended Class Action Complaint fails to state the above claims, and that

13  further amendment would be futile.  This motion is based on this Notice of Motion, the following

14  Memorandum of Points and Authorities, and on all pleadings and papers on file or to be filed in

15  the above-entitled action, on the arguments of counsel, and on any other matters that may

16  properly come before the Court for its consideration.

17  Dated:  March 18, 2021                                KEKER, VAN NEST & PETERS LLP

18

19                                          By:    /s/ Benjamin Berkowitz
                                                   BENJAMIN BERKOWITZ
20                                                 THOMAS E. GORMAN
                                                   IAN KANIG
21                                                 CHRISTINA LEE

22                                                 Attorneys for Defendant
23                                                 GOOGLE LLC

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT
Case No. 5:20-cv-05427-SVK

1656942

**MEMORANDUM OF POINTS AND AUTHORITIES**[1]

## I.   INTRODUCTION

In his initial Class Action Complaint ("Complaint"), Plaintiff Robert McCoy asserted a litany of state-law claims accusing Google of committing privacy and fraud violations by collecting third-party-app usage data from users of Android smartphones.  The Court dismissed several of those claims, but granted leave to amend.  In his Amended Class Action Complaint, McCoy simply re-pleads his previously dismissed privacy claims without substantive amendment and also re-pleads a substantively defective claim under the California Consumers Legal Remedies Act ("CLRA").  Google brings this motion so that the Court may dismiss those previously dismissed claims (which have not been substantively amended) with prejudice, and so that the Court may consider Google's substantive arguments for dismissal of McCoy's CLRA claim (which the Court previously dismissed based upon a procedural defect only).

First, each of McCoy's reasserted privacy-based claims should be dismissed with prejudice.  Instead of amending his claims for invasion of privacy under the California Constitution, common-law intrusion upon seclusion, and the California Invasion of Privacy Act ("CIPA"), McCoy chose to stand on the same allegations the Court dismissed.  Indeed, McCoy concedes that he realleged his privacy claims in the Amended Complaint "solely to preserve his rights for appeal."  *See* Dkt. 47 ("AC") at 13 n.8.  As other courts have done in similar circumstances, the Court should construe McCoy's decision not to amend these claims as a concession that amendment would be futile, dismiss these claims with prejudice, and order McCoy to file an amended complaint that removes the privacy claims and their underlying allegations.

Second, McCoy's previously dismissed claim for violation of the CLRA is substantively deficient under the heightened pleading standard required for fraud-based claims under Federal Rule of Civil Procedure 9(b).  McCoy fails to establish the CLRA's statutory elements, including that Google made a misrepresentation to him that he relied upon at the time of "a transaction

---

[1] Throughout this brief, unless otherwise stated, emphases are added to quotations, and internal punctuation, alterations, and citations are omitted therefrom.

1    intended to result or that result[ed] in the sale" of his Android smartphone.  Cal. Civ. Code

2    § 1770(a).  McCoy's failure to plead a transaction with particularity is fatal to his CLRA claim.

3    Further, the scant facts that McCoy alleges yield an implausible causal chain:  McCoy asserts that

4    he either (1) relied on a nonspecific misrepresentation *after* purchasing his device, or (2) was

5    somehow deceived by misrepresentations that he *never* read.  Neither scenario—reliance after the

6    purchase, or no reliance at all—states a valid cause of action under the CLRA, much less to the

7    degree of particularity required under Rule 9(b).

8          As further set forth herein, the Court should dismiss McCoy's claims for invasion of

9    privacy under the California Constitution, common-law intrusion upon seclusion, CIPA, and the

10    CLRA with prejudice.

11   **II.**       **BACKGROUND**

12         **A.**       **Relevant Procedural History**

13          McCoy initiated this action on August 5, 2020.  Dkt. 1 ("Compl.").  On February 2, 2021,

14    the Court granted in part and denied in part Google's motion to dismiss McCoy's Complaint.

15    Dkt. 43 ("MTD Order").  Specifically, the Court dismissed with prejudice McCoy's claims for

16    violation of the California Consumer Privacy Act ("CCPA"), breach of implied contract, and

17    unjust enrichment.  *Id.* at 25.  The Court also dismissed McCoy's claims for invasion of privacy

18    under the California Constitution, common-law intrusion upon seclusion, CIPA, and the CLRA,

19    but granted McCoy leave to amend those claims.  *Id.*  The Court denied Google's motion to

20    dismiss McCoy's claims under California Civil Code § 1709, the Unfair Competition Law

21    ("UCL"), breach of contract, and the Declaratory Judgment Act.  *Id.*

22          On February 16, 2021, McCoy filed his Amended Complaint.  Dkt. 47.  McCoy removed

23    the claims the Court dismissed with prejudice—the CCPA, breach of implied contract, and unjust

24    enrichment claims.  *Id.* at 13 n.8.  But McCoy concedes that he made no effort to amend his

25    privacy claims and instead "re-allege[d] his claims for violation of his privacy rights under the

26    California constitution and common law, along with his claim for violation of the California

27

28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT
Case No. 5:20-cv-05427-SVK
1656942

1    Invasion of Privacy Act, **solely to preserve his rights for appeal**."[2]  *Id.*  McCoy amended his

2    CLRA claim, but only to correct his failure to file the statutorily-required venue affidavit and to

3    allege his intent to seek statutory damages.  *Compare Id.* ¶¶ 124–26 *with* Compl. ¶¶ 130–36.

4              On March 10, 2021, pursuant to Civil Local Rule 7-9, Google filed a motion for leave to

5    file a motion for partial reconsideration of the Court's order.  Dkt. 49.  The Court denied

6    Google's motion for leave on March 12, 2021.  Dkt. 50.  Google accordingly does not reprise its

7    arguments here with respect to the Court's order denying Google's motion to dismiss McCoy's

8    claims under California Civil Code § 1709 and the UCL.  *See* Dkt. 49.  Instead, Google

9    summarizes the factual background relevant to McCoy's CLRA claim, which the Court dismissed

10   and was accordingly not formally subject to Google's motion for reconsideration.  *See id.* at 4 n.2;

11   *see also* MTD Order at 19–21.

12             **B.      Relevant Factual Background**

13             In his Amended Complaint, McCoy continues to allege that Google falsely represented to

14   Android users how it uses third-party-app usage data collected from their smartphones.  *Compare*

15   AC ¶¶ 32–35 *with* Compl. ¶¶ 33–36.  Based on what he calls a "bombshell report" from *The*

16   *Information*, McCoy alleges that Google relies on an "internal secret program" called "Android

17   Lockbox" to collect "data on when and how often an Android Smartphone user opens and runs

18   non-Google apps and the amount of time spent in non-Google apps."  AC ¶¶ 4, 22, 24.  McCoy

19   alleges that Google informs users "when [users] set[] up their Android Smartphones" that it

20   collects third-party-app usage data "to offer a more personalized experience," when in reality—

21   according to McCoy—Google uses the data "to obtain lucrative behind the scenes technical

22   insight that it can use to develop competing apps against its competitors."  AC ¶ 32–33, 35.

23   McCoy alleges that Google's Privacy Policy likewise misrepresents to users that Google collects

24   information about users' "activity on third-party sites and apps that use [Google's] services" in

25   order "to provide better services to all [Google's] users."  *Id.* ¶¶ 37-39.

26             In support of his CLRA claim, McCoy asserts in boilerplate fashion that "Plaintiff and

27

28   _____
     [2] Those three claims are realleged as claims one, two, and eight in the Amended Complaint.  *See*
     *id.* ¶¶ 73–96, 146–51.

                                                         4
     NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT
                                  Case No. 5:20-cv-05427-SVK
     1656942

Class members would not have purchased Android Smartphone devices had Google not made these false representations." *Id.* ¶ 122.  But McCoy alleges little about either his specific transaction or the false representations.  With respect to the former, he alleges that he "is the owner of a Google Pixel XL smartphone," on which he uses third-party app TikTok, but is silent about where he obtained the phone, how much he paid for the phone, and critically, when he purchased the phone relative to Google's alleged misrepresentations.  *Id.* ¶¶ 11, 122.

With respect to the alleged misstatements, McCoy fares no better.  McCoy alleges that "[he] and Class Members relied upon [the setup prompt] when setting up their Android smartphones thinking that their Android Smartphones would become more 'personalized' when in fact Google actually secretly pilfered their sensitive personal data without their consent." *Id.* ¶ 33.  But McCoy neither quotes the specific contents of the device setup prompt nor explains its context,[3] and he fails to explain how he could have relied on the setup prompt **before** he purchased his phone.  And while he also asserts that Google made false representations in its Privacy Policy, not once does McCoy allege that he read the Privacy Policy.  *See generally id.*

McCoy's skeletal allegations thus add up as follows:  (1) McCoy purchased his phone from an unknown party, at an unknown time, for an unknown amount; (2) McCoy allegedly read a setup prompt—the exact contents of which are unknown—at some point **after** purchasing his phone; and (3) McCoy **never** once read the Privacy Policy—prior to, during, or after the purchase of his phone.

## III.    ISSUES TO BE DECIDED

Whether McCoy's claims for common-law intrusion upon seclusion, invasion of privacy under the California Constitution, violation of CIPA, and violation of the CLRA should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[3] McCoy quotes *The Information*'s paraphrased characterization of the purported setup prompt. *See* Dkt. 25-2 (*The Information* article) at 5 ("Google tells users that opting in will give them more-personalized experiences, including faster searches.").  McCoy does not provide the Court with the actual language purportedly shown to him by Google.

## IV.   LEGAL STANDARD

### A.   Rule 12(b)(6)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead facts showing that his right to relief rises above "the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and pleadings that are "no more than conclusions, are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Dismissal without leave to amend is appropriate if "amendment would be futile," *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011), and for "repeated failure to cure deficiencies by amendments previously allowed," *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### B.   Rule 9(b)

Where a complaint contains claims that sound in fraud, "a party must state with particularity the circumstances constituting [the] fraud" under Federal Rule of Civil Procedure 9(b).  Fed. R. Civ. P. 9(b).  "Rule 9(b) ensures that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).  "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003).  "Any averments which do not meet that standard should be 'disregarded,' or 'stripped' from the claim for failure to satisfy Rule 9(b)." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

## V.   ARGUMENT

### A.   McCoy's reprisal of his previously dismissed privacy claims warrants dismissal with prejudice.

Although the Court granted McCoy leave to amend his constitutional-privacy, common-law intrusion-upon-seclusion, and CIPA claims, McCoy made no effort to cure his defective allegations in either the factual section of his Amended Complaint or in the recitals of his asserted

6

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT
Case No. 5:20-cv-05427-SVK

1656942

1    claims.  *Compare* AC ¶¶ 73–96, 146–51 *with* Compl. ¶¶ 74–97, 174–79.  Indeed, McCoy admits

2    that he "re-allege[d]" the claims "**solely to preserve his rights for appeal**."  AC at 13 n.8.

3    McCoy's privacy claims should be dismissed with prejudice.

4            As a rule, "[l]eave to amend need not be given if a complaint, as amended, is subject to

5    dismissal."  *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989); *see also*

6    *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809–10 (9th Cir. 1988) ("Repeated failure to cure

7    deficiencies by amendments previously allowed is another valid reason for a district court to deny

8    a party leave to amend." (quoting *Foman*, 371 U.S. at 182)).  In analogous circumstances, courts

9    have dismissed with prejudice claims that are re-alleged solely to preserve appellate rights.  For

10   example, in *In re Violin Memory, Inc. Securities Litigation*, No. 13-CV-05486-YGR, 2015 WL

11   1968766 (N.D. Cal. Apr. 30, 2015), the court dismissed with prejudice previously dismissed

12   claims that the plaintiffs "left . . . in" the amended complaint "without making any changes."  *Id.*

13   at *2.  The plaintiffs in that case similarly "s[ought] to have their claims preserved for appeal."[4]

14   *Id.*  Observing that the court's "previous reasons for dismissal remain[ed] in effect," the court

15   found that the "plaintiffs' refusal to amend [was] effectively a concession that no amendment

16   [was] possible, and therefore dismisse[d] [those] claims now with prejudice."  *Id.*  The court

17   additionally clarified that those claims were also dismissed insofar as they supported the

18   plaintiffs' remaining viable claims, and ordered the plaintiffs to "file on the docket a new

19   amended complaint in conformity with the rulings announced" in the court's order "[f]or

20   purposes of clarity."  *Id.* at *2 n.2, *5.

21           McCoy's privacy claims warrant the same treatment here.  The unamended claims suffer

22   from the same flaws that previously required dismissal.  Unless they are dismissed with prejudice,

23   the claims remain live, rendering the scope of the case unclear.  *See generally* AC (mentioning

24   "privacy" 87 times, including in the factual allegations incorporated by reference into McCoy's

25   non-privacy claims and in the class action allegations).  And in any event, dismissal with

26   prejudice will provide McCoy the requisite finality to preserve his appellate rights.  *See Lacey v.*

27   _____

     [4] Those plaintiffs included a footnote in their amended complaint regarding preservation of
28   appellate rights similar to the one in McCoy's Amended Complaint.  *Compare In re Violin
     Memory*, Dkt. 90 (Nov. 21, 2014) at 1 n.1 *with* AC at 13 n.8.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT
Case No. 5:20-cv-05427-SVK

1656942

1    *Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012).

2         Accordingly, Google requests that the Court dismiss McCoy's constitutional-privacy,

3    common-law intrusion-upon-seclusion, and CIPA claims with prejudice and direct McCoy to file

4    an amended complaint that removes all allegations related to his privacy claims.

5         **B.      McCoy fails to state any element of a CLRA claim under Rule 9(b)'s**
          **heightened pleading standard.**
6

7         In its order, the Court dismissed McCoy's CLRA claim for failure file the statutorily-

8    required affidavit under California Civil Code § 1780(d).  MTD Order at 20–21.  McCoy

9    amended his CLRA claim by making only two minor changes—he filed the venue affidavit and

10   added a conclusory recital of his intent to seek monetary damages.  *Compare* AC ¶¶ 124–26 *with*

11   Compl. ¶¶ 130–36.

12        Google recognizes that the Court's order briefly discussed McCoy's CLRA claim before

13   dismissing it.  MTD Order at 19–21.  But the Court dismissed McCoy's CLRA claim on a ground

14   unrelated to the sufficiency of McCoy's allegations or the flawed causal chain at the heart of the

15   claim.  *See id.*  Google accordingly moves now to dismiss McCoy's amended CLRA claim on

16   those grounds.

17        The CLRA proscribes certain enumerated "unfair or deceptive acts or practices

18   undertaken by any person ***in a transaction*** intended to result or that results in the sale or lease of

19   goods or services to any consumer."  Cal. Civ. Code § 1770(a).  Only a "consumer who suffers

20   any damage as a result of the use or employment by any person of a method, act, or practice

21   declared to be unlawful by Section 1770 may bring an action against that person to recover or

22   obtain . . . [a]ctual damages."  *Id.* § 1780(a)(1).  In other words, to maintain his claim under the

23   CLRA, McCoy must identify a misrepresentation by Google, establish that he "relied on

24   [Google's] representation ***at the time*** [he] purchased" his Android smartphone, and establish that

25   he suffered a cognizable economic injury as a result.  *See Moore v. Apple, Inc.*, 73 F. Supp. 3d

26   1191, 1200–02 (N.D. Cal. 2014); *see also* Cal. Civ. Code §§ 1770(a), 1780(a)(1).  In addition to

27   pleading the statutory elements, McCoy must also satisfy "Rule 9(b)'s heightened pleading

28   standards," which "apply to claims for violations of the CLRA."  *Kearns*, 567 F.3d at 1125.  As

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT
Case No. 5:20-cv-05427-SVK

1656942

1   set forth below, McCoy fails to plead any details about the accused transaction, the specific

2   contents of the alleged misrepresentation he relied upon, or that he actually relied upon the

3   alleged misrepresentation prior to the transaction—not after.  His failure to plead any of the

4   elements of a CLRA claim, much less with the requisite particularity under Rule 9(b), warrants

5   dismissal of his claim.

6           **1.      McCoy fails to plead details of the "transaction" with particularity
                       under Rule 9(b)'s heightened pleading standard.**
7

8           To satisfy Rule 9(b), McCoy must provide "an account of the 'time, place, and specific

9   content of the false representations as well as the identities of the parties to the

10  misrepresentations.'"  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards*

11  *v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)).  Put simply, McCoy must "articulate

12  the who, what, when, where, and how of the misconduct alleged."  *Kearns*, 567 F.3d at 1126.

13          As described above, *see supra* Section II.B, McCoy pleads close to nothing about the

14  transaction at issue.  He asserts in boilerplate fashion that "Plaintiff and Class members . . .

15  purchased" their Android smartphones.  AC § 122.  McCoy does not plead any facts about from

16  whom he purchased his phone, when he purchased it, whether he paid anything for the phone

17  (and if so, how much), what specific representations were made to him in the course of the sale,

18  and which of those statements (if any) induced him to purchase his phone.  *See* AC ¶ 122; *see*

19  *also id.* ¶¶ 119–26.  McCoy's failure to plead what should be the simplest fact to allege—how did

20  he obtain his phone and who made misrepresentations to him in that transaction—is fatal to his

21  CLRA claim:  Having failed to allege that Google deceived him in the course of the transaction

22  that resulted in the sale of his phone, McCoy cannot establish that he was the victim of any

23  "unfair or deceptive acts or practices undertaken **by [Google]** *in a transaction* intended to result

24  or that results in the sale or lease of goods or services to any consumer."  Cal. Civ. Code

25  § 1770(a).  McCoy's threadbare allegations cannot sustain a CLRA claim under Rule 9(b).

26          Under longstanding federal pleading standards, "[t]he absence of particularity" and "the

27  absence of specification of any times, dates, places or other details" of the alleged fraud is

28  "contrary to the fundamental purposes of Rule 9(b)."  *Semegen*, 780 F.2d at 731.  McCoy's

9

1    failure to satisfy Rule 9(b) is grounds alone for dismissal of his CLRA claim.  *See Kearns*, 567

2    F.3d at 1127.

3                    **2.      McCoy fails to plead an actionable misrepresentation or advertisement
                              by Google that he relied upon at the time of the transaction.**

4

5            Second, McCoy fails to specifically plead an actionable misrepresentation or

6    advertisement by Google that he relied upon at the time of the transaction.  McCoy accuses

7    Google of violating §§ 1770(a)(5), (7), (9), (14), and (16), each of which requires a

8    "represent[ation]" or "advertis[ement]."  But McCoy's complaint identifies no advertisements

9    whatsoever, and his allegations of a representation fail to meet the particularity standard of Rule

10   9(b).  *See* AC ¶ 119.

11           As described above in Section II.B, McCoy vaguely gestures at two sets of alleged false

12   representations by Google—a device-setup prompt and Google's Privacy Policy.  *Id.* ¶ 33, 37–39.

13   With respect to the former, McCoy alleges that "[he] and Class Members relied upon [the setup

14   prompt] when setting up their Android smartphones thinking that their Android Smartphones

15   would become more 'personalized' when in fact Google actually secretly pilfered their sensitive

16   personal data without their consent."  AC ¶ 33.  But nowhere in the Amended Complaint does

17   McCoy allege what the setup prompt "***specifically*** stated," as required under Rule 9(b).  *Kearns*,

18   567 F.3d at 1126; *see also Swartz*, 476 F.3d at 764 (requiring pleading of "***specific content*** of the

19   false representations").  Instead, he quotes from *The Information*'s ***characterization*** of the setup

20   prompt and does not recite the setup prompt in full or in its proper context.  *See* AC ¶¶ 32–33, 35,

21   100, 115 (alleging that Google offered users a more "personalized experience"); *see also* Dkt. 25-

22   2 (*The Information* article) at 5 ("Google tells users that opting in will give them more-

23   personalized experiences, including faster searches.").  This is a fatal problem under Rule 9(b),

24   because without actually stating the contents of the representation at issue, McCoy cannot assert

25   that the contents of the representation were false.  *See Kearns*, 567 F.3d at 1126; *In re*

26   *Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 3:17-CV-4372-

27   CRB, 2019 WL 5698339, at *1 (N.D. Cal. Nov. 4, 2019) (dismissing misrepresentation claims

28   under Rule 9(b) for failure "to identify 'what the . . . advertisements . . . specifically stated[,]'

1656942

1    'when [plaintiff] was exposed to them,' 'which ones he found material,' and 'which sales material

2    he relied upon in making his decision to buy [the product in question]'" (quoting *Kearns*, 567

3    F.3d at 1126)).  At most, McCoy's allegations amount to "neutral facts [that] fail[] to give

4    [Google] the opportunity to respond to the alleged misconduct."  *Kearns*, 567 F.3d at 1126.

5             With respect to the statements McCoy points to in Google's Privacy Policy, he fails to

6    plead any specific facts that he read or relied upon those statements at the time of the

7    "transaction" resulting in the sale of his phone.  Cal. Civ. Code § 1770(a).  Even assuming the

8    statements were false (which Google disputes), he does not "specify ***when*** he was exposed to"

9    them.  *Kearns*, 567 F.3d at 1126.  Indeed, he never alleges that he ever read the Privacy Policy—

10   much less that he read it before deciding to purchase the phone—and thus he cannot base his

11   CLRA claim upon statements in the Privacy Policy.  *See In re Google, Inc. Privacy Policy Litig.*,

12   58 F. Supp. 3d 968, 982–83 (N.D. Cal. 2014) (dismissing CLRA claim where the plaintiff failed

13   to allege that he had "read, heard, saw or w[as] in any way aware of Google's operative privacy

14   policy" before creating his Google account).  McCoy's CLRA claim should thus be dismissed for

15   failure to specifically plead an actionable misrepresentation made by Google that actually induced

16   him to purchase a phone.  Cal. Civ. Code § 1770(a).

17            **3.       McCoy fails to allege a statutory causal connection between any
                          alleged misrepresentation and sales transaction.**
18

19            Third, McCoy cannot establish the requisite "statutory causal connection" between the

20   alleged misrepresentation and any damage he allegedly incurred.  *Marolda v. Symantec Corp.*,

21   672 F. Supp. 2d 992, 1002 (N.D. Cal. 2009); *see also* Cal. Civ. Code § 1780(a).  For the reasons

22   stated above in Section V.B.2, the Privacy Policy—which McCoy never alleges he read—plainly

23   cannot support McCoy's reliance theory.  *See In re Google, Inc. Privacy Policy Litig.*, 58 F. Supp.

24   3d at 982–83.  And as for the nonspecific setup prompt that McCoy could have read only ***after*** he

25   purchased the phone, McCoy has his causal nexus backwards.

26            As a matter of law, "a CLRA claim cannot be based on events following a sales

27   transaction."  *Durkee v. Ford Motor Co.*, No. 14–0617, 2014 WL 4352184, at *3 (N.D. Cal. Sept.

28   2, 2014); *see also Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 837 n.6 (2006)

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT
Case No. 5:20-cv-05427-SVK
1656942

1    (concluding that representations that occurred later, "not at the time of sale," could not support a

2    CLRA claim).  The decision in *Moore v. Apple, Inc.* is instructive.  73 F. Supp. 3d 1191 (N.D.

3    Cal. 2014).  In *Moore*, the court dismissed the plaintiff's CLRA claim, concluding that "[a]s a

4    matter of basic chronology," the plaintiff could not plausibly contend that she relied on Apple's

5    alleged fraudulent statements "regarding the delivery of iMessages or the Messages application in

6    deciding whether to purchase the iPhone because those representations and omissions had not yet

7    taken place."  *Id.* at 1200–01.  Citing the text of § 1780(a), the court concluded that "[b]y

8    definition, the CLRA does not apply to unfair or deceptive practices that occur ***after*** the sale or

9    lease has occurred."  *Id.* at 1201.  Because the plaintiff did "not allege that she relied on a

10   representation at the time she purchased her iPhone," and because the inverted causal chain could

11   not be cured by further amendment, the court dismissed the CLRA claim with prejudice.  *Id.* at

12   1201–02.

13          Here, McCoy's CLRA claim suffers from the same defect of "basic chronology."  McCoy

14   could not have read the device setup prompt until after he obtained his phone and began to set it

15   up.  Accordingly, McCoy's CLRA claim should be dismissed for failure to establish that

16   Google's alleged misrepresentations "result[ed] in the sale" of McCoy's phone.  Cal. Civ. Code

17   § 1770(a).

18   **VI.    CONCLUSION**

19          For the foregoing reasons, Google respectfully requests that the Court dismiss McCoy's

20   claims for common-law intrusion upon seclusion, invasion of privacy under the California

21   Constitution, violation of CIPA, and violation of the CLRA with prejudice.

22    Dated:  March 18, 2021                                     KEKER, VAN NEST & PETERS LLP

23
                                                    By:    */s/ Benjamin Berkowitz*
24                                                         BENJAMIN BERKOWITZ
                                                           THOMAS GORMAN
25                                                         IAN KANIG
                                                           CHRISTINA LEE
26
                                                           Attorneys for Defendant
27                                                         GOOGLE LLC

28

                                                    12
NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT
                              Case No. 5:20-cv-05427-SVK
1656942