UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT MCCOY, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

ALPHABET INC., et al.,

    Defendant.

Case No. 20-cv-05427-SVK

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Re: Dkt. Nos. 51, 54, 55

## I. INTRODUCTION

On February 2, 2021, the Court granted in part and denied in part Defendant Google, LLC's[1] ("Defendant" or "Google") motion to dismiss Plaintiff Robert McCoy's ("Plaintiff") class action complaint (Dkt. 1) ("Previous Order"). Dkt. 43. Plaintiff subsequently filed a First Amended Class Action Complaint ("FAC"). Dkt. 47. Defendant now moves to dismiss several claims in Plaintiff's FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and Rule 9(b) for failure to comply with the heightened pleading standard required for claims alleging fraud. Dkt. 51. The Parties have consented to the jurisdiction of a magistrate judge. Dkts. 14, 22.

Pursuant to Civil Local Rule 7-1(b), the Court deems the motion to dismiss suitable for determination without oral argument. After considering the Parties' submissions, the case file, and relevant law, and for the reasons discussed below, the motion to dismiss is **GRANTED IN PART AND DENIED IN PART.**

---

[1] As previously noted, Defendant Alphabet, Inc. was dismissed on September 8, 2020, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Dkt. 21.

## II. PREVIOUS ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

In the Previous Order, the Court granted in part and denied in part Defendant's motion to dismiss Plaintiff's Complaint. Dkt. 43. The Court denied Defendant's motion to dismiss Plaintiff's claims for California Civil Code § 1709, UCL, breach of contract, and request for relief under the Declaratory Judgment Act. *Id.* The Court granted with leave to amend Plaintiff's claims against Defendant for violations of constitutional and common-law privacy claims, CLRA, and CIPA. *Id.* The Court granted without leave to amend Plaintiff's claims against Defendant for violations of the CCPA, breach of implied contract, and unjust enrichment. *Id.*

## III. MOTION TO DISMISS PLAINTIFF'S FAC

Defendant now moves to dismiss the following claims from Plaintiff's FAC: (1) common-law intrusion upon seclusion; (2) invasion of privacy under the California Constitution; (3) violation of the California Consumers Legal Remedies Act; and (4) violation of the California Invasion of Privacy Act. Dkt. 51.

### A. Common-Law Intrusion Upon Seclusion, Invasion of Privacy Under the California Constitution, and Violation of the California Invasion of Privacy Act ("CIPA") Claims

In the FAC and its opposition, Plaintiff contends that he re-alleges his claims for violation of his privacy rights under the California Constitution and common law and his claim for violation of CIPA solely to preserve his rights for appeal. Dkt. 47 at 14 n.8; Dkt. 54 at 8-9. Plaintiff indicates that he re-alleged these claims in the FAC without making any substantive changes to them. Dkt. 54 at 8. Accordingly, for the reasons stated in the Previous Order, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's constitutional and common law privacy claims and CIPA claim. These claims are now dismissed with prejudice. *See In re Violin Memory, Inc. Securities Litigation*, No. 13-cv-05486-YGR, 2015 WL 1968766, at *2 (N.D. Cal. Apr. 30, 2015) (stating that "in light of the current procedural posture, the Court finds that plaintiffs' refusal to amend is effectively a concession that no amendment is possible, and therefore dismisses these claims now with prejudice").

### B. California Consumers Legal Remedies Act ("CLRA")

As an initial matter, the Court finds that Defendant's challenge to Plaintiff's CLRA claim,

1   which was dismissed in the Previous Order because Plaintiff failed to file the requisite affidavit, is
2   appropriate. "[T]he general rule is that an amended complaint supercedes [sic] the original
3   complaint and renders it without legal effect." *Lacey v.Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir.
4   2012). Thus, Defendant may challenge this claim in its entirety. *See Huynh v. Quora, Inc.*, No.
5   18-cv-07597-BLF, 2020 WL 7408230, at *5 (N.D. Cal. June 1, 2020) (citing cases where courts
6   found defendant's motion to dismiss proper even if similar arguments had been previously raised).

7         The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or
8   practices." Cal. Civ. Code § 1770. "Any consumer who suffers any damage as a result of the use
9   or employment by any person of a method, act, or practice declared to be unlawful by Section
10  1770 may bring an action against that person." Cal. Civ. Code § 1780(a). "CLRA claims are
11  governed by the 'reasonable consumer' test, under which a plaintiff must allege that 'members of
12  the public are likely to be deceived.'" *In re Sony PS3 Other OS Litigation*, 551 F. App'x 916, 920
13  (9th Cir. 2014) (quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir.2008)).

14        Defendant contends that Plaintiff fails to plead any of the elements of a CLRA claim. Dkt.
15  51 at 13. Specifically, Defendant argues that Plaintiff fails to plead details of the "transaction" at
16  issue and does not do so with the requisite particularity under Rule 9(b)'s heightened pleading
17  standard. *Id.* Defendant also contends that Plaintiff does not plead an actionable
18  misrepresentation or advertisement that he relied upon at the time of the transaction. *Id.* at 14.
19  Third, Defendant argues that Plaintiff cannot establish the requisite statutory causal connection
20  between the alleged misrepresentation and damages. *Id.* at 15. Specifically, Defendant argues that
21  Plaintiff never alleges that he read the Privacy Policy and Plaintiff could have only read the setup
22  prompt after he purchased the phone. *Id.* at 14-15. Additionally, Defendant argues that Plaintiff
23  cannot establish a CLRA claim under his unpled omission theory, because Plaintiff did not
24  establish that Defendant's purported omission was material or that it is central to the functionality
25  of his phone. Dkt. 55 at 10-14. Defendant also argues that Plaintiff fails to establish that
26  Defendant had exclusive knowledge. *Id.* at 14-15.

27        As an initial matter, the Court notes that Plaintiff, having filed the requisite affidavit, now
28  has standing to assert a CLRA claim. Dkt. 47 ¶ 126, Ex. A. Contrary to Defendant's argument,

3

1 Plaintiff alleges that while Defendant made certain representations in the Android setup process
2 and Defendant's Privacy Policy, it did not disclose that "(1) Google is monitoring and collecting
3 sensitive personal data while Android Smartphone users interact with non-Google apps; nor (2)
4 that Google, in general, collects sensitive personal data to obtain an unfair economic advantage."
5 *Id.* ¶¶ 32-37, 39-40, 120. A duty to disclose an omission arises in various circumstances,
6 including "when the defendant actively conceals a material fact from the plaintiff [] and [] when
7 the defendant makes partial representations but also suppresses some material facts." *LiMandri v.*
8 *Judkins*, 52 Cal. App. 4th 326, 336 (1997) (citation omitted). Plaintiff alleges that Defendant
9 violated the CLRA by engaging in unfair methods of competition and unfair or deceptive acts
10 "[b]y failing to disclose that Defendant secretly monitored, collected, and otherwise misused
11 Plaintiff's and Class members [sic] sensitive personal data while using non-Google apps." Dkt. 47
12 ¶ 119. Plaintiff further alleges that Plaintiff and class members would have acted differently if
13 they were aware of those facts, including not purchasing Android Smartphone devices, and
14 sustained damage as a result. *Id.* ¶¶ 122, 125; *see In re Apple In-App Purchase Litigation*, 855 F.
15 Supp. 2d 1030, 1039 (N.D. Cal. 2012) ("For a non-disclosed fact to be material, a plaintiff must
16 show that if the omitted information had been available, the plaintiff would have been aware of it
17 and behaved differently.") (citation omitted). Drawing all inferences in Plaintiff's favor, these
18 allegations are sufficient to conclude that had Defendant disclosed these material facts, Plaintiff
19 would have been aware and would have acted differently. Accordingly, Defendant's motion to
20 dismiss Plaintiff's CLRA claim is **DENIED**.
21 ////
22 ////
23 ////
24 ////
25 ////
26 ////
27 ////
28 ////

## IV. CONCLUSION

For the reasons stated below, Plaintiff's claims against Defendant for common-law intrusion upon seclusion, invasion of privacy under the California Constitution, and violation of CIPA are **DISMISSED WITH PREJUDICE**.  Defendant's motion to dismiss Plaintiff's CLRA claim is **DENIED**.  Defendant's answer to the FAC is due within **14 days** of the date of this order.  The Court will hold an Initial Case Management Conference on **July 13, 2021 at 9:30 a.m.**  The parties must file a Joint Case Management Statement by **July 6, 2021**.

**SO ORDERED.**

Dated: May 24, 2021

*Susan van Keulen*
SUSAN VAN KEULEN
United States Magistrate Judge