UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MCCOY,<br><br>        Plaintiff,<br><br>v.<br><br>GOOGLE, LLC,<br><br>        Defendant. | Case No. 20-cv-05427-SVK<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL INDIVIDUAL ARBITRATION, DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPLAINT, AND DISMISSING ACTION WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 65, 69, 71, 75, 77, 78, 82 |

On August 6, 2021, Defendant Google, LLC ("Defendant" or "Google") filed a motion to compel individual arbitration and to stay the action.[1] Dkt. 65. On September 17, 2021, Plaintiff Robert McCoy ("Plaintiff") filed a motion for leave to file a second amended class action complaint ("SAC"). Dkt. 71. The Parties have consented to the jurisdiction of the undersigned magistrate judge. Dkt. 14; Dkt. 22.

The Court held a hearing on October 26, 2021 for both motions. Dkt. 84. After considering the Parties' submissions, arguments at the hearing, the case file, and relevant law, and for the reasons discussed below, the Court **GRANTS** Defendant's motion to compel arbitration, **DENIES** Plaintiff's motion for leave to file a SAC, and **DISMISSES** this action.

I.   **BACKGROUND**

On August 5, 2020, Plaintiff filed a class action Complaint in this action. Dkt. 1. Defendant filed a motion to dismiss on September 30, 2020 and the motion to dismiss hearing was

---

[1] Defendant subsequently filed a Notice of Errata Correction to Dkts. 65 and 65-4 (Dkt. 69) and filed a corrected version of the motion (Dkt. 69-1) and declaration of Seth Glass (Dkt. 69-2).

held on January 19, 2021. Dkt. 24; Dkt. 40. The Court granted in part and denied in part Defendant's motion to dismiss Plaintiff's Complaint. Dkt. 43. Plaintiff subsequently filed a first amended class action Complaint ("FAC"). Dkt. 47. Defendant filed a motion to dismiss the FAC. Dkt. 51. The Court granted in part and denied in part Defendant's motion to dismiss Plaintiff's FAC. Dkt. 56.

In the Complaint and the FAC, as well as Plaintiff's initial disclosures, Plaintiff specifically alleges that he purchased and used a Google Pixel XL smartphone. Dkt. 1 ¶ 11; Dkt. 47 ¶ 11; Dkt. 69-1 at 18; Dkt. 65-1 Declaration of Ian Kanig ("Kanig Decl.") ¶ 3-4; Dkt. 65-2 Ex. A at 5. The Pixel XL was never subject to an arbitration agreement. Dkt. 69-1 at 8; Dkt. 69-2 Declaration of Seth F. Glass ("Glass Decl.") ¶ 3. Defendant contends that "Google had no reason to suspect that McCoy was subject to an arbitration motion based upon his purchase of a Pixel XL, which, as discussed above, was never sold subject to an arbitration agreement." Dkt. 69-1 at 17. Defendant further contends that it was not until counsel provided Plaintiff's Google email address on July 20, 2021 that Defendant was able to identify his account information for the first time. Dkt. 69-1 at 18; Kanig Decl. ¶ 2. Defendant states, and Plaintiff does not contest, that Plaintiff was using a Google Pixel 3a XL when he filed this lawsuit in August of 2020 and that in November 2020, Plaintiff began using a Google Pixel 5. Dkt. 69-1 at 8-10, 14; Glass Decl. ¶ 4. Both the Google Pixel 3a XL and the Google Pixel 5 are subject to an arbitration agreement and a class waiver, subject to a user opt out. Dkt. 69-1 at 8-16; *see* Glass Decl. ¶¶ 3-33. Plaintiff did not opt out of arbitration for either phone. Dkt. 69-1 at 8, 11-12, 16; Glass Decl. ¶ 18, 33. Upon verifying that Plaintiff had consented to individual arbitration in purchasing both his Pixel 3a XL and Pixel 5, Defendant sent Plaintiff a letter asking him to dismiss this action in favor of arbitration. Dkt. 69-1 at 18; Dkt. 65-1 ¶ 5; Dkt. 65-3 Ex. B. Defendant contends that on August 6, 2021, Plaintiff refused to dismiss the action in favor of arbitration, leading to the filing of the motion to compel individual arbitration and to stay the action. Dkt. 69-1 at 18; Dkt. 65-1 ¶¶ 6-7.

On August 6, 2021, Defendant filed its motion to compel individual arbitration and to stay the action. Dkt. 65; Dkt. 69-1. The Court granted Plaintiff's motion to enlarge time to respond to Defendant's motion to compel arbitration (Dkt. 66) and permitted limited discovery related to

issues of arbitrability. Dkt. 68. On September 17, 2021, Plaintiff Robert McCoy ("Plaintiff") filed a motion for leave to file a SAC. Dkt. 71. The Court addresses the two pending motions in turn below.

## II. MOTION TO COMPEL ARBITRATION

### A. Legal Standard

The Federal Arbitration Act ("FAA") provides that an agreement to submit commercial disputes to arbitration shall be "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 336 (2011). "A party to a valid arbitration agreement may 'petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement.'" *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004) (quoting 9 U.S.C.§ 4). Courts have developed a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 24 (1983). Under this presumption in favor of arbitration, a court should not deny an order to arbitrate "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986). Thus, a district court's role under the FAA is limited to determining two "gateway" issues: (1) whether an arbitration agreement exists; and (2) whether the agreement encompasses the dispute at issue. *See Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). If the party seeking arbitration establishes these two factors, the Court must compel arbitration. 9 U.S.C. § 4; *see Chiron*, 207 F.3d at 1130.

Further, "parties may agree to have an arbitrator decide not only the merits of a particular dispute but also 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Henry Schein, Inc. v. Archer and White Sales, Inc.*, 139 S.Ct. 524, 529 (2019) (citing *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010) (internal quotation marks and citation omitted)). Although questions of arbitrability are presumptively for the courts to decide, "parties may delegate threshold arbitrability questions to the arbitrator, so long as the parties' agreement does so by 'clear and

1  unmistakable' evidence." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 n.2, 133 S. Ct.
2  2064, 186 L. Ed. 2d 113 (2013); *Henry Schein*, 139 S.Ct at 530 (quoting *First Options of Chicago,*
3  *Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S. Ct. 1920 (1995)). "When the parties' contract delegates
4  the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied
5  in the contract." *Henry Schein*, 139 S.Ct. at 528.

"The right to arbitration, like other contractual rights, can be waived." *Martin v. Yasuda*, 829 F.3d 1118, 1124 (9th Cir. 2016) (citing *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 921 (9th Cir. 2009)). However, "a waiver of a contractual right to arbitration is not favored, and any party arguing waiver of arbitration bears a heavy burden of proof." *Newirth by and through Newirth v. Aegis Senior Communities, LLC*, 931 F.3d 935, 940 (9th Cir. 2019) (citing *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986)) (internal quotation marks omitted). "A party seeking to prove that the right to compel arbitration has been waived must carry the heavy burden of demonstrating: (1) knowledge of an existing right to compel arbitration; (2) intentional acts inconsistent with that existing right; and (3) prejudice to the person opposing arbitration from such inconsistent acts." *Id.* (citing *Fisher*, 791 F.2d at 694).

### B. Analysis

The Parties' briefs, oral argument, and the Court's focus are all centered around the issue of whether Defendant waived its right to compel individual arbitration. Dkt. 69-1 at 25-30; Dkt. 76-4 at 16-23; Dkt. 82 at 12-19. Defendant argues that Plaintiff cannot meet the heavy burden of proof for waiver because it was Plaintiff's own misrepresentations that precluded Defendant from discovering Plaintiff's agreement to arbitrate. Dkt. 69-1 at 26. Plaintiff has been proceeding in this lawsuit under "false pretenses that his claims are predicated on the purchase and use of a Google Pixel XL smartphone." Dkt. 69-1 at 8 (citing Dkt. 1 ¶ 11; Dkt. 47 ¶ 11). Defendant repeatedly states that it did not previously move to compel arbitration because throughout the course of the litigation Plaintiff repeatedly failed to disclose the actual devices he was using. *Id.* at 26. As stated in Section I, Defendant contends that Plaintiff was subject to and continues to be subject to a valid arbitration agreement based on his two Pixel devices. *Id.* at 17-18; 20-23.

Here, it is undisputed that the Complaint, the FAC, and Plaintiff's initial disclosures all

4

allege that Plaintiff purchased and used a Google Pixel XL smartphone. Dkt. 1 ¶ 11; Dkt. 47 ¶ 11; Dkt. 69-1 at 13-14, 17-18; Kanig Decl. ¶¶ 3-4; Dkt. 65-2 Ex. A at 5. Thus, the pleadings and disclosure put Defendant on notice of the alleged use of a Google Pixel XL smartphone, which was not subject to an arbitration agreement. Defendant was not put on notice of Plaintiff's use of the Pixel 3a XL and Pixel 5, both which are both subject to arbitration agreements. Dkt. 69-1 at 8-16; Glass Decl. ¶¶ 3-4, 6-9, 22-24. Defendant presented evidence that Plaintiff agreed to the arbitration agreements in connection with his Google Pixel 3a XL and Pixel 5 when he set up the devices and did not opt out of these agreements. Dkt. 69-1 at 21-22; Glass Decl. ¶¶ 6-10, 18, 22-25, 33; Dkt. 76-12 Ex. J; Dkt 76-13 Ex. K. Defendant also presented evidence that it was not until July 2021 when Plaintiff provided the email address associated with his Google account that Defendant was able to discover that Plaintiff used a Pixel 3a XL at the time of the filing of the initial complaint and that he later replaced it with a Pixel 5. Dkt. 69-1 at 26; Dkt. 82 at 6 (citing Dkt.76-23 Ex. U); Glass Decl. ¶¶ 3-4; Kanig Decl. ¶ 2. Further, Defendant has presented evidence that as soon as it verified that Plaintiff was subject to an arbitration agreement, Defendant notified Plaintiff, proposed suspending discovery pending resolution of the arbitration issue, and withdrew its written discovery requests. Dkt. 69-1 at 30; Kanig Decl. ¶¶ 5-6.

The Court finds that Plaintiff cannot satisfy the heavy burden of demonstrating that Defendant had knowledge of an existing right to compel arbitration, given Plaintiff's continuous representations in the Complaint, FAC, and the initial disclosures which put Defendant on notice, erroneously, that Plaintiff was using a Google Pixel XL smartphone. Thus, the Court finds that Defendant has not waived its right to compel individual arbitration. The Court further finds from the evidence before it and the arguments at the hearing that Plaintiff entered into a valid arbitration agreement that encompasses the claims in the FAC. Accordingly, the Court **GRANTS** Defendant's motion to compel arbitration.

### III. MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

#### A. Legal Standard

"Generally, Rule 15 advises the court that 'leave shall be freely given when justice so requires.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "This

policy is to be applied with extreme liberality." *Id.* (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).  However, the Ninth Circuit has "held that the liberality in granting leave to amend is subject to several limitations." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).  Indeed, "[l]eave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Id.* (citing *Leighton*, 833 F.2d at 186).  "Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 878 (9th Cir. 2000) (citing *Jordan v. Cnty. of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810, 103 S.Ct. 35, 74 L.Ed.2d 48 (1982)).  Further, "[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Id.* (citing *Leighton*, 833 F.2d at 186 n.3).

**B.     Analysis**

Plaintiff now seeks leave to file a SAC "solely to add the Proposed Plaintiffs, Marie Hammerling and Kay Jackson."[2]  Dkt. 71 at 4.  Plaintiff contends that "regardless of the outcome of Google's motion to compel individual arbitration of Plaintiff McCoy, if leave to amend is granted, this action . . . can proceed with Plaintiffs Hammerling and Jackson asserting the same claims the Court has already sustained, on behalf of the same class, preserving the time, effort, and resources devoted by the parties and this Court." *Id.* at 5.  Plaintiff also includes in the SAC claims previously dismissed by the Court. *Id.* at 4 n.2; *see* Dkt. 71-1.  Plaintiff notes that the previously dismissed claims were included in the SAC "out of an abundance of caution" because "they have not been dismissed as to the Proposed Plaintiffs and must be [included] in order to preserve their appellate rights." Dkt. 71 at 4 n.2.  Plaintiff argues that this amendment will not

---

[2] Because the Court denies Plaintiff's motion for leave to amend for the reasons stated herein, the Court need not reach the additional arguments regarding whether Plaintiff has standing to amend his complaint when his claims are subject to arbitration or whether proposed plaintiffs are subject to arbitration agreements. *See* Dkt. 75 at 11-21.

1 unduly prejudice Defendant because "there are no new, surprise allegations that would expand the
2 scope of the litigation" and adding the new proposed plaintiffs "would only have a minimal
3 impact, if any, on the existing deadlines." *Id.* at 7-8.  Further, Plaintiff contends that adding two
4 new named plaintiffs six weeks after Defendant filed its motion to compel arbitration does not
5 constitute "undue delay." *Id.* at 9.

6 Here, as outlined above in Section I, this action was originally filed over a year ago and
7 has been robustly litigated, having gone through two rounds of motions to dismiss. *See* Dkt. 43;
8 Dkt. 56.  Plaintiff had the opportunity to amend his Complaint over nine months ago in February
9 2021 after the Court granted in part and denied in part Defendant's motion to dismiss Plaintiff's
10 class action Complaint (Dkt. 43).  Dkt. 47.  Tipping the balance against further amendment is
11 Plaintiff's own, repeated failure of due diligence to accurately plead, in the complaints and
12 disclosures, a central, critical fact: the cell phone he was using that gave rise to the claims in this
13 lawsuit.  Defendant's expenditure of time and resources in litigating this case for more than a year,
14 a dispute which should have proceeded directly to arbitration, is another factor against
15 amendment.   Finally, neither in papers nor at the hearing could Plaintiff identify a clear
16 mechanism as to how the proposed plaintiffs would preserve the appealability of certain claims
17 which this Court has already dismissed without relitigating the under-lying issues.  There is
18 however a ready mechanism at hand which is for the proposed plaintiffs to file their own lawsuit
19 for their claims.  Accordingly, the Court **DENIES** Plaintiff's motion for leave to file a SAC.

20 ////
21 ////
22 ////
23 ////
24 ////
25 ////
26 ////
27 ////
28 ////

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion to compel arbitration, **DENIES** Plaintiff's motion for leave to file a SAC, and **DISMISSES** this action without prejudice. *See Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (explaining that when arbitration is mandatory, the court has discretion to stay or dismiss the case).

**SO ORDERED.**

Dated: November 9, 2021

SUSAN VAN KEULEN
United States Magistrate Judge